FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 06, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE MAURICIO RODRIGUEZ-SANCHEZ,<br><br>Defendants. | Nos. 24-CR-00013-MKD-3<br><br>ORDER FOLLOWING DETENTION REVIEW HEARING<br><br>**MOTION DENIED**<br>  **(ECF No. 74)** |

On March 26, 2024, and April 29, 2024, the Court held detention review hearings to consider Defendant JOSE MAURICIO RODRIGUEZ-SANCHEZ's Motion to Reopen Detention Hearing. **ECF No. 74**. Defendant appeared while in custody assisted by court interpreter Bea Rump on March 13, 2024, and with Flavio Posse on April 29, 2024, and with court-appointed counsel David Miller. Assistant U.S. Attorney Caitlin Baunsgard represented the United States on March 13, 2024, and Assistant United States Attorney Tim Ohms represented the United States on April 29, 2024. U.S. Probation Officer Cassie Lerch was also present on March 13, 2024, and U.S. Probation Officer Patrick J. Dennis was present on April 29, 2024.

## I. MARCH 26, 2024, HEARING

At the outset of the hearing on March 26, 2024, the Court advised the parties that U.S. Probation had changed its recommendation regarding release or detention

ORDER - 1

to continued detention as they have been unable to verify an appropriate release address for Defendant.

Defendant, through counsel, then requested that the hearing be continued until April 29, 2024 to allow Defendant to submit a new release plan. No party objected and the Court agreed with Defendant's request for additional time to prepare a revised release plan.

## II.   APRIL 29, 2024, HEARING

Defendant, through counsel, made factual proffers and argued for Defendant's release on conditions. Defendant, through counsel, noted that Defendant believes he requires inpatient substance abuse treatment. The Court inquired about whether Defendant would then be best served by seeking an assessment while in custody followed by a request for inpatient substance abuse treatment.

The United States proffered the Pretrial Services Report, ECF No. 33, made factual proffers, and argued there are no conditions the Court could impose that would reasonably assure Defendant's future appearance and reasonably assure the safety of the community and any other person.

## III.   ORDER

The Court has reviewed and considered: the Indictment, ECF No. 1; the Government's Motion for Detention, ECF No. 2; the Pretrial Services Report, ECF No. 33; the Supplement Pretrial Services Report, ECF No. 73; Defendant's Motion to Modify Release Conditions, **ECF No. 74**; and the proffers and arguments of counsel. Pursuant to 18 U.S.C. § 3142, the Court has also considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against Defendant; 3) Defendant's history and characteristics, including character, physical and mental condition, family ties, employment, financial resources, length

ORDER - 2

of residence in the community, community ties, past conduct and history relating to alcohol and drug abuse, and also criminal history, record concerning appearance at court proceedings, and whether Defendant was under supervision at the time of the alleged offense; and, 4) the nature and seriousness of the danger to the community posed by Defendant's release. *See* 18 U.S.C. § 3142(g). The Court further considered that a rebuttable presumption of detention applies in this case pursuant to 18 U.S.C. § 3142(e)(3)(A) as this case involves offenses under the Controlled Substances Act for which the maximum penalty is ten years or more in prison. ECF Nos. 1, 13. The United States previously invoked the presumption of detention. ECF No. 27 at 2.

      First, the nature and circumstances of the charged offense are serious and weigh against release. Defendant is charged with serious drug trafficking offenses, specifically: 1) Conspiracy to Distribute 500 Grams Or More Of Methamphetamine, in violation of 21 U.S.C. § 846; 2) Distribution of Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), 18 U.S.C. § 2; and 3) Distribution of 5 Grams or More of Actual (Pure) Methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii), 18 U.S.C. § 2. ECF No. 1. The conspiracy offense carries a 10-year mandatory minimum term of imprisonment up to a life term of imprisonment, two of the distribution offenses carry a 5-year mandatory minimum term of imprisonment up to 40 years of imprisonment, and the remaining distribution offense carries up to 20 years of imprisonment. ECF No. 13.

      Second, the weight of the evidence appears to be quite strong based on the Government's proffers, though this is the least important factor in the Court's analysis. This factor weighs in favor of detention.

      Third, Defendant's history and characteristics establish that Defendant is 28 years old and has resided in eastern Washington since coming to the United States in 2010 from El Salvador. ECF No. 73 at 1. Defendant is married and has three

ORDER - 3

children. *Id*. at 2. Based on Defendant's criminal history, Defendant does not appear to have legal status in the United States. ECF No. 33 at 2 (noting a U.S. Immigration and Customs matter and a notation of "Alien Inadmissibility Under Section 212"). Defendant's criminal history also includes multiple driving without a license offenses as a juvenile; convictions for third degree theft (2012-juvenile; 2018); fourth degree assault (2013); and, unlawful imprisonment (2014). *Id*. at 14. Defendant is also currently facing pending charges for second degree driving while license suspended; driving under the influence; and reckless driving. *Id*. at 4. Defendant has failed to appear for court hearings on seven prior occasions and failed to comply with a court order on one occasion. *Id*. at 2-4. Defendant also asserted that he has no substance abuse issues aside from limited consumption of marijuana—a statement in direct contrast to the assertion during the most recent hearing that Defendant believes he needs inpatient substance abuse treatment. ECF No. 73 at 2. On the current record before the Court, Defendant's history and characteristics weigh against release. This is particularly true given the absence of a plan to address apparent substance abuse issues even though Defendant now admits he may require inpatient substance abuse treatment.

       Finally, the nature and seriousness of the danger to the community posed by Defendant's release weigh in favor of detention absent a plan to address apparent newly admitted substance abuse issues.

       Based on the foregoing, the Court finds for all the reasons set forth in this Order the Court finds that Defendant has failed to overcome the presumption of detention in this case. Additionally, regardless of the presumption of detention, the Court finds the United States has established by a preponderance of the evidence that no condition or combination of conditions will currently reasonably assure Defendant's appearance at future proceedings and the United States has established

ORDER - 4

by clear and convincing evidence that no condition or combination of conditions will currently reasonably assure the safety of other persons or the community if Defendant is released. The Court notes, however, that the Court would again consider any revised release proposal that includes a substance abuse treatment proposal—particularly an inpatient treatment proposal—given Defendant's apparent newly admitted substance abuse issues.

**IT IS ORDERED:**

1. The Defendant's Motion to Modify Conditions of Release, **ECF No. 74,** is **DENIED**. Defendant shall be held in detention pending disposition of this case or until further order of the court.

2. Defendant is committed to the custody of the U.S. Marshal for confinement separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

3. Defendant shall be afforded reasonable opportunity for private consultation with counsel.

4. If a party seeks reconsideration of Defendant's detention before this Court because of material and newly discovered circumstances pursuant to 18 U.S.C. § 3142(f), any such motion shall be a maximum of four-pages in length and shall succinctly state what circumstances are new, how they are established, and the requested change in conditions of release. The motion shall indicate whether opposing counsel; United States Probation/Pretrial Services; or another party with a substantial interest in the motion objects, whether a hearing is desired, and whether a supplemental pretrial services report is requested. If the moving party, after the exercise of due diligence, is unable to determine the position of any party listed above, the moving party may in the alternative document the date; time; and manner of each effort made to determine that party's position and request the Court

ORDER - 5

treat the motion as expedited and submitted without argument. **Motions in Spokane cases shall be heard as set by the Spokane Magistrate Judge Courtroom Deputy. Yakima cases shall be heard on the following Wednesday docket**, **and Richland cases shall be heard on the following Thursday docket.** If the Court determines that oral argument is unnecessary on the motion, the motion shall be set for decision on the Court's 6:30 p.m. docket.

5. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall promptly file a motion for review before the district judge to whom the case is assigned, as further described in the Detention Order Review Protocol published for the Eastern District of Washington. Both parties shall cooperate to ensure that the motion is promptly determined.

**IT IS SO ORDERED.**

DATED May 6, 2024.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 6